

PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-16800PM |
|---|---|
| Vox IV, LCC, et al., | Chapter 11 |
| | Jointly Administered with |
| Debtors. | Case No. 08-16803PM |
| Landmark Property Development, LLC and Scott Herrick, | AP No. 08-00563PM |
| Plaintiffs/ Counter-Defendants | |
| v. | |
| Michael Silver and Hess Farm Partnership, | |
| Defendants/ Counter-Plaintiffs. | |

MEMORANDUM OF DECISION

    This adversary proceeding was filed by Landmark Property Development, LLC and Scott Herrick in the Circuit Court for Prince George's County on November 21, 2007, and thereafter transferred to the Circuit Court for Charles County. The progress of this case is described in the Memorandum to Counsel Following Status Conference (#26) that accompanied this court's October 21, 2008, Order to Show Cause why this complaint and counterclaim should not be remanded to the Circuit Court for Charles County. The court will not repeat what was said in

that Memorandum, other than to note that of the 21 counts of the amended complaint and the counterclaim, only one could to the slightest degree be considered a core action, and that one count can be dealt with easily either in the form of a contested matter or an adversary proceeding.[1]  It is inappropriate to use that one count as a wedge to bring the remainder of the dispute that does not concern the Debtors directly into this court.

The Plaintiffs filed a timely 14-page Response (#34) urging that this court has related jurisdiction.  That Response merely underscores the essence of this dispute that is one between the Plaintiffs on one side and Michael Silver on the other.  They urge that they can file an amended complaint that would clearly create jurisdiction for the court.  The court is unconvinced by this argument and sees no reason to delay this decision on that account.  Michael Silver filed an "Initial Response" (#36) that he does not oppose this court retaining jurisdiction, that he be granted additional time to respond to the Order to Show Cause and if the case is remanded that this court retain jurisdiction to award costs and fees under 28 U.S.C. § 1447(c).  He also seeks a declaration by a motion filed October 27, 2008, (#30) that the law firm representing him in this matter never served as counsel for Scott Herrick in connection with the Vox-Pulte dispute or otherwise.[2]

The court finds that the eleventh hour assertion that Patrick Potter and his firm are conflicted that is set out in a letter dated October 27, 2008, from Scott Herrick's attorney to Patrick Potter is one more attempt to stall this litigation.  They initially appeared as attorneys of record for the Defendants in the state court action on January 3, 2008.  If there is any merit to the contention of a conflict, the Circuit Court can deal with it upon remand.

---

[1] In bankruptcy, unlike other civil actions, either the defendant or the plaintiff may remove an action related to a pending bankruptcy case to the district court for the district where the civil action is pending.  28 U.S.C. § 1452.

[2] This relief need not have been sought by way of an adversary proceeding, see Fed. R. Bankr. Proc. 7001(9), as the relief sought by Michael Silver does not relate to the "foregoing" of that Rule.

The court declines to enter an order awarding costs and expenses. The court cannot say that this is a case in which "a 'cursory examination would have revealed' a lack of federal jurisdiction." *See In re Lowe*, 102 F.3d 731, 733 n.2 (CA4 1996) (*quoting Husk v. E.I. Du Pont De Nemours & Co.*, 842 F.Supp. 895, 899 (S.D.W.Va.1994)). The term "related to a bankruptcy case" is sufficiently ambiguous to require more than a cursory examination by someone unfamiliar with bankruptcy jurisdiction.

An appropriate orders will be entered.

cc:    Landmark Property Development, L.L.C., et al.
       c/o Stephen B. Gerald
       Whiteford, Taylor & Preston L.L.P.
       7 Saint Paul Street
       Baltimore, MD 21202

       Brent C. Strickland
       Stephen B. Gerald
       Seven St. Paul Street
       Suite 1800
       Baltimore, MD 21202-1626

       Michael Silver
       3500 Hess Road
       Monkton, MD 21111

       Patrick John Potter
       Pillsbury Winthrop Shaw Pittman, LLP
       2300 N Street, NW
       Washington, DC 20037-1128

       Vox IV, LLC
       3500 Hess Road
       Monkton, MD 21111

       Alan M. Grochal
       Catherine Keller Hopkin
       Tydings and Rosenberg
       100 E. Pratt Street., Fl. 26
       Baltimore, MD 21202

Vox VII, LLC
c/o Alan M. Grochal
Tydings & Rosenberg LLP
100 East Pratt St.
26th Floor
Baltimore, MD 21202

U.S. Trustee
Leander D. Barnhill
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

Sharon L. Hancock, Clerk
Circuit Court for Charles County, Maryland
P.O. Box 970
La Plata, Maryland 20646

**End of Memorandum**